Curia, per
Frost, J.
The defendant executed and delivered to the plaintiffs a deed dated 23d September 1840, whereby he guaranteed to them payment for goods which they might from time to time sell to one D. Kamme, to the amount of two hundred dollars. This was an action of covenant on that instrument to recover a balance appearing by the books of the plaintiffs to be due by Kamme, for goods sold to him. The guarantee was verbally revoked in May, 1841, after which time no further credit was given to Kamme. The deed recites that Kamme was, at the time of the execution, indebted to the plaintiff's. The goods charged to Kamme were not delivered to him, but to one Hertz.
The defendant’s specific grounds for a new trial, may be resolved into two. 1st. That at the time of the execution of the deed, Kamme was not in fact indebted to the plaintiffs, tho’ it was so recited in the deed ; and 2nd. that the goods were never delivered to Kamme.
It is not perceived in what way the representation by the plaintiffs, that Kamme was indebted to them at the time of the execution of the guaranty, if that was not the fact, could prejudice the defendant, or impair the plaintiffs’s right to recover in this action. Whatever effect the circumstance might have to prejudice the claim of the plaintiffs with the jury, the defendant had the benefit of it at the trial.
The second ground, which is the only one urged, relates to the sufficiency of the proof that Hertz was the agent of *355 Kamme, to procure the goods charged to him. There was no direct evidence of the agency of Hertz. It was only to be inferred from the relations between himself and Kamme. Such proof is clearly competent, and is very frequent; indeed the competency was not denied in argument, but only the sufficiency of it to justify the verdict of the jury. Hertz and Kamme were tailors; Hertz had failed in July, 1840. At the time the credit was given to Kamme by the plaintiffs they both occupied the same store. Kamme says that from July to December, 1840, he was then clerk to Hertz, worked with him as journeyman, and they had been talking of going into partnership, tho’ the connection was not formed. Mr. Hanckel proved that it was his impression Hertz was the agent of Kamme. Without a knowledge of the character of the parties and witnesses, this proof seems not to be very satisfactory. But upon it the case was submitted to the jury. It is sufficient to support the inference that Hertz was the agent of Kamme. Possibly the jury might have inferred a combination between them to procure the goods on Kamme’s credit, and by Hertz’s agency, in such manner as to elude responsibility by Kamme. The case was peculiarly within the province of the jury, and they alone qualified to decide. The motion for a new trial is therefore refused.
O’Neall, Evans, Butler, and Wardlaw, JJ. concurred.